IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  15-cv-01795-MJW

MICHELLE CLAUDINE FORBES,
ANGUS JOHN FORBES,
PHOEBE FORBES,
IAN FORBES,

Plaintiffs,

v.

MICHAEL DONNELLON,
A. SANDOVAL,
TOWN OF BENNETT, COLORADO,
ADAMS COUNTY SHERIFF DEPARTMENT,
ADAMS COUNTY, COLORADO, and
OTHER AS YET UNNAMED OFFICERS,

Defendants.

---

**ORDER ON DEFENDANT TOWN OF BENNETT, COLORADO'S
MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6) (Docket No. 37)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

Plaintiffs sue two officers, an undetermined number of John Doe officers, and the officers' employers for excessive force and unlawful arrest.  (Docket No. 2.)  The Complaint lists three "employers" as Defendants: the Adams County Sheriff's Office; Adams County itself; and the Town of Bennett, Colorado, for which the Adams County Sherriff's Office provides police services under contract.  (*Id.* ¶ 12.)  The named officers, Adams County, and the Adams County Sheriff's Office have filed an Answer.  (Docket No. 39.)  The Town of Bennett, Colorado has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).  (Docket No. 37.)

2

The Court has reviewed the parties' filings (Docket Nos. 37 & 44), taken judicial notice of the Court's entire file in this case, and considered the applicable Federal Rules of Civil Procedure, statutes, and case law.  Now being fully informed, the Court grants the Town of Bennett's motion and dismisses all claims against it with prejudice.

## Legal Standards

The Tenth Circuit has recently explained the standards under Rule 12(b)(6):

> . . . To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face.  Disregarding conclusory statements, the remaining factual allegations must plausibly suggest the defendant is liable.  A claim for relief is plausible when the plaintiff pleads facts adequate to draw a reasonable inference that the defendant is liable for the alleged misconduct.  Such facts must raise a right to relief above the speculative level.

*McDonald v. Wise*, 769 F.3d 1202, 1210 (10th Cir. 2014) (internal citations, quotation marks, and alterations omitted).

## Facts As Alleged in the Complaint

"On or about April 1, 2014, Plaintiff Phoebe Forbes was physically assaulted by another individual.  [Defendant] Deputy Donnellon was assigned to investigate the incident."  (Docket No. 2, ¶ 15.)  "Between April 4, 2014 and June 4, 2014, Plaintiff Angus Forbes made numerous complaints to both the Adams County Sheriff and Adams County District Attorney regarding Donnellon's failure to contact the family and failure to properly investigate the incident."  (*Id.* ¶ 16.)  Following a court appearance in the matter:

> As Plaintiffs were leaving the courthouse in their vehicle, they were flagged down by another deputy, later identified as [Defendant] A.

3

> Sandoval, who directed Angus Forbes to exit the vehicle to talk to Sandoval.
>
> As Angus Forbes approached the Sandoval vehicle, Donnellon appeared from behind the vehicle.
>
> Donellon and Sandoval then proceeded to assault Angus Forbes twisting his arms behind his back such that bruises and extreme pain were inflicted, while at the same time, slamming his face and head against the patrol car.  Donnellon shouted at Angus Forbes that Forbes was under arrest.
>
> As Angus Forbes was being assaulted by the deputies, Plaintiff Michelle Forbes screamed at them to stop assaulting her husband to no avail.  As a result thereof she was wrongfully cited for disturbing the peace.  Angus was wrongfully cited for resisting arrest.

(*Id.* ¶¶ 18–21.)  "The town of Bennett contracts with Adams County Sheriff Department for law enforcement services."  (*Id.* ¶ 12.)  No other facts are alleged as to Town of Bennett.

The Complaint names the Town of Bennett as a Defendant on two counts, both of which are described as Fourteenth Amendment due process violations: the Second Claim for Relief, labeled "State Created Danger"; and the Fifth Claim for Relief, labeled "Special Relationship."  (*Id.* ¶¶ 29–33 & 41–46.)

## Discussion

The Tenth Circuit has recently summarized both the "special relationship" and the "state-created danger" rules under the Fourteenth Amendment:

> In *DeShaney v. Winnebago County Department of Social Services*, the Supreme Court held [that] as a general matter a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause.  This court has subsequently recognized two exceptions to this general rule, termed the "special relationship" exception and the "state-created danger" theory, respectively.  By definition, the special relationship theory necessarily only applies where a "custodial relationship" exists between the victim and the State.

4

> For a custodial relationship to exist the State's exercise of control must so restrain an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs. Examples of restraints which rise to this level are arrest, incarceration, institutionalization, or placement in involuntary foster care.  Thus, the restraint of liberty necessary to invoke substantive due process protection under the special relationship exception requires state action involving force, the threat of force, or a show of authority, with the intent of exercising dominion and control over the person.  In the absence of a special relationship, the state-created danger theory is a means by which a state actor might be held liable for an act of private violence[,] provided the danger the state actor created, or rendered the victim more vulnerable to, precipitated a deprivation of life, liberty, or property in the constitutional sense.

*Anderson v. Worstell*, 492 F. App'x 913, 916 (10th Cir. 2012) (internal citations, quotation marks, and alterations omitted).  Both exceptions concern state liability for the actions of third parties.  Thus, Plaintiffs here allege that the Town of Bennett should be liable for the actions of the Adams County officers.

The problem with both theories is that the Complaint fails to allege any way in which *the Town of Bennett* was involved, other than simply having a contract with the Adams County Sheriff's Office.  In applying the state-created danger exception, for example, the Tenth Circuit looks closely at the specific conduct of the state actor:

> To make out a proper danger creation claim, a plaintiff must demonstrate that (1) the charged state entity and the charged individual actors created the danger or increased plaintiff's vulnerability to the danger in some way; (2) plaintiff was a member of a limited and specifically definable group; (3) defendants' conduct put plaintiff at substantial risk of serious, immediate, and proximate harm; (4) the risk was obvious or known; (5) defendants acted recklessly in conscious disregard of that risk; and (6) such conduct, when viewed in total, is conscience shocking.

> In considering the required scienter, we have focused on the deliberateness of the conduct at issue.  The Due Process Clause protects against deliberately wrongful government decisions rather than merely

> negligent government conduct. Thus, section 1983 liability will not lie absent (1) an intent to harm or (2) an intent to place a person unreasonably at risk of harm. We have previously noted that the latter requires that the defendant recognize the unreasonable risk and actually intend to expose the plaintiff to such risks without regard to the consequences to the plaintiff.

*Christiansen v. City of Tulsa*, 332 F.3d 1270, 1281 (10th Cir. 2003) (internal citations, quotation marks, and alterations omitted). There are no allegations in the Complaint from which it could conceivably be inferred that the *Town of Bennett*, rather than the individual officers, specifically intended to put Plaintiffs at immediate risk of a known harm. There are no allegations from which it could be inferred that the Town of Bennett even knows who Plaintiffs are—or, for that matter, who the individual Defendants are. In responding to the Town of Bennett's motion to dismiss, Plaintiffs muster no more than a theory that, through discovery, they might find enough complaints against the individual officers to establish that the Town of Bennett was on notice of the individual officers' propensity for excessive force. But no facts giving rise to an inference of such a theory have been pleaded. Further, even if Plaintiffs' *Conley v. Gibson*-era theory of pleading standards could be accepted, the theoretical facts would still not show that the Town of Bennett tolerated a known danger *to Plaintiffs or some other specifically identifiable and discrete group of individuals*. As a result, Plaintiffs haven't stated a claim for state-created danger against the Town of Bennett.

The special-relationship theory likewise fails for lack of any involvement by the Town of Bennett. Plaintiffs argue that the individual defendants created a special relationship when they stopped and arrested Plaintiffs. But that's the rub: it was the individual defendants who made the stop and arrest, not the Town of Bennett. Plaintiffs'

6

argument here isn't truly a special-relationship argument; it's a vicarious-liability argument.  And because vicarious liability is unavailable under 42 U.S.C. § 1983, the theory fails.

Plaintiffs have not requested an opportunity to amend their Complaint, nor does their briefing on this motion allude to any further facts that could save their claims against the Town of Bennett.  Accordingly, the Court dismisses the claims against the Town of Bennett with prejudice.

### Orders

For the foregoing reasons, it is hereby ORDERED that:

- Defendant Town of Bennett, Colorado's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) (**Docket No. 37**) is GRANTED;

- Plaintiffs' Counts Two and Five against Defendant Town of Bennett, Colorado are DISMISSED with prejudice;

- The Clerk of Court shall ENTER FINAL JUDGMENT against Plaintiffs and in favor of Defendant Town of Bennett, Colorado as to Counts Two and Five, each side to pay its own costs and fees; and

- Counts Two and Five remain part of this case as to Defendants Donnellon, Sandoval, Adams County Sheriff's Department, Adams County, and the John Doe officers.

Dated:     November 9, 2015                   */s/ Michael J. Watanabe*
           Denver, Colorado                   Michael J. Watanabe
                                              United States Magistrate Judge